16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mark Anthony THORNTON, Petitioner-Appellant,
v.
STATE of Oklahoma, Respondent-Appellee.
 No. 93-5097.
 United States Court of Appeals, Tenth Circuit.
 Feb. 3, 1994.
 
 ORDER AND JUDGMENT*
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Mark Anthony Thornton appeals from the denial of his petition for a writ of habeas corpus. After carefully reviewing the record, we affirm.
 
 
 3
 On March 9, 1987, Appellant was convicted on a plea of guilty in state court to Larceny of an Automobile After Former Conviction of Two or More Felonies. At the time Appellant pled guilty in open court, he acknowledged that his plea was voluntary and that he was advised of his right to appeal. Furthermore, he stated that he was satisfied with his representation and that he did not intend to appeal his plea agreement.
 
 
 4
 Appellant did not directly appeal his conviction, but rather filed for post-conviction relief raising the following grounds for relief:
 
 
 5
 1. The trial court erred by not showing that a factual basis existed for his guilty plea;
 
 
 6
 2. Ineffective assistance of counsel;
 
 
 7
 3. Improper enhancement of his sentence;
 
 
 8
 4. Unconstitutional pre-trial identification procedures;
 
 
 9
 5. State failed to prove validity of prior convictions;
 
 
 10
 6. State failed to provide him with notice of the charge against him;
 
 
 11
 7. Improper prosecutorial statements;
 
 
 12
 8. State failed to endorse a copy of the Information;
 
 
 13
 9. Trial court erred by failing to strike second page of Information;
 
 
 14
 10. Prosecution unconstitutionally commented on Appellant's right to remain silent; and
 
 
 15
 11. Double jeopardy.
 
 
 16
 The state district court found that Appellant's ineffective assistance of counsel claims failed to meet the standards set forth in Strickland v. Washington, 466 U.S. 668. As to the remaining claims, the court found that they were procedurally barred because these issues could have been raised on direct appeal and Appellant offered no legitimate reasons for his failure to perfect such an appeal. Appellant also filed a motion in state court for an appeal out of time which was denied because of Appellant's failure to proffer any reasons for not directly appealing his conviction. The state district court's decisions were upheld on appeal, and Appellant subsequently filed his petition for habeas relief that is the subject of this appeal.
 
 
 17
 In his pro se petition for a writ of habeas corpus, Appellant raised the same eleven issues as listed above. In addressing the ineffective assistance of counsel claims, the United States District Court for the Northern District of Oklahoma correctly deduced that Appellant was arguing that his attorney was incompetent in his handling of every aspect of Appellant's case. In particular the court recognized Appellant's arguments that counsel failed to discuss the plea and its ramifications with him, to file various motions, to provide him with the second page of the Information, and to establish the factual basis of the plea. In applying the Strickland two-prong test to Appellant's claims, the court determined that Appellant did not demonstrate that his attorney's conduct fell below the objective standard of reasonableness as required by the first prong of the test.
 
 
 18
 With regard to the other ten issues, the district court found that Appellant had failed to show cause and prejudice for his failure to raise these issues on direct appeal, or that a fundamental miscarriage of justice would occur without judicial review of the merits of his allegations. McCleskey v. Zant, 499 U.S. 467, 493-94. Therefore, the court concluded that these issues were procedurally barred.
 
 
 19
 On appeal, Appellant again raises the same eleven claims of error as well as advancing an additional four issues relating to the state court's denial of his motion for an appeal out of time. It is well settled in this jurisdiction that pro se litigants are entitled to a liberal construction of their pleadings. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.). However, absent extraordinary circumstances, issues not raised below will not be heard on appeal, Farmers Ins. Co. v. Hubbard, 869 F.2d 565 (10th Cir.), and we will not manufacture issues for Appellants. National Commodity and Barter Ass'n v. Gibbs, 886 F.2d 1240, 1244 (10th Cir.).
 
 
 20
 In light of these standards, we first address Appellant's claims raised on appeal for the first time. Appellant has alleged no extraordinary circumstances, and we can find none, warranting our discretionary exercise of jurisdiction over these issues. Thus, we decline to address the merits of Appellant's issues numbered XII through XV in his brief to this court.
 
 
 21
 As to his ineffective assistance of counsel claim, we agree with the district court, to the extent of its holding. After carefully combing the record, we can find no evidence other than Appellant's conclusory allegations of wrongdoing to support his claim that counsel's representation fell below the objectively reasonable standards in the legal community. See Strickland, 466 U.S. at 689 (we must "indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance"). Nor is there evidence rebutting the presumption that Appellant's statements in open court and under oath at the time of his plea and sentencing were accurate and true. See Blackledge v. Allison, 431 U.S. 63, 74.
 
 
 22
 Although not addressed by the district court, Appellant also argued in his petition that counsel's conduct relative to several of the other ten issues also constituted ineffective assistance of counsel. We see no purpose in remanding these issues to the district court because they are purely legal questions. After careful consideration of the record and the applicable law, we find these claims to be without merit.
 
 
 23
 We also agree with the district court that Appellant has utterly failed to establish either cause and prejudice or a fundamental miscarriage of justice concerning his failure to directly appeal his conviction. Appellant consistently argues that certain errors have occurred, but he never offers any legitimate reasons for not timely filing an appeal nor does he argue that he is in fact innocent such that failure to review his claims will result in a manifest injustice. See McCleskey, 499 U.S. at 494. Appellant's only assertion is that because the district court issued a certificate of probable cause, his claims must not be procedurally barred. This argument is unavailing. In essence Appellant is arguing that the district court's holding that ten allegations were procedurally barred was incorrect merely because he was granted the right to appeal. Unfortunately for Appellant, a certificate of probable cause merely provides him with an opportunity to present his claims on appeal, but it does not ensure or even intimate that our decision will be different than the decision of the district court.
 
 
 24
 We note in passing that Appellant has raised several tangential issues throughout his brief that are either frivolous or without merit.
 
 
 25
 Accordingly, we AFFIRM the district court's decision denying habeas relief.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----